UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DENNIS ALLEN CUSTARD, JR.,                                                    Plaintiff,

v.                                                        Civil Action No. 3:15-cv-P707-DJH

DONNA MILLER *et al.*,                                                       Defendants.

\* \* \* \* \*

## <u>MEMORANDUM OPINION</u>

Plaintiff Dennis Allen Custard, Jr., filed the instant *pro se* 42 U.S.C. § 1983 action

proceeding *in forma pauperis*.  This matter is before the Court on initial review pursuant to 28

U.S.C. § 1915A.  For the reasons stated below, the Court will dismiss Plaintiff's claims upon

initial screening.

**I.**

Plaintiff is a convicted inmate at the Christian County Detention Center.  He sues the

following Defendants:  the Department of Corrections (DOC); Donna Miller, whom he identifies

as a "Corrections Program Admin" for the DOC; the Fayette County Detention Center (FCDC);

Andrew Keller, whom he identifies as a "DOC Caseworker" at the Roederer Correctional

Complex (RCC); and Rebecca Barker, whom he identifies as a "DOC Caseworker Supervisor" at

the RCC.

Plaintiff states that on July 7, 2015, "my appeal of my classification status was answered

by a employee of the Department of Corrections Donna Miller the Correction Program Admin."

He reports that Miller's response "was one complete sentence stateing that she concur with the

classification committee."  He maintains that he was classified as a Level 3 medium custody

inmate "which can put a person behind a prison fence or on locked down in a County Jail

without the proper rehabilitation procedures."  Plaintiff further states:

> My level came as a write-up of a category VII was placed in my file from [FCDC] upon my arrival to the DOC assessment center.  I wasn't made aware of this write-up placed upon me until 21 days after arrival by my caseworker Andrew J. Keller.  Upon receiving this information I requested to be heard on this allegation because as a state inmate through DOC I'm entitled to a court call hearing when a write-up is placed upon me.  With that said I was told if I didn't like the Classification then I was welcomed to appeal, which I did to Donna Miller of the DOC, which appeal was denied without any reason.

Plaintiff contends that his rights have been violated by the DOC, Miller, and FCDC because he never received a "court call hearing from either establishment before . . . being punished with cruel intentions of seg time and striken of a possible community Level 1" which he states would have given him the opportunity for rehabilitation "by on the Job-Training and receive work credit against my sentence and prevent me from being lockdown all-day long in a cell 24 hours a day."  Plaintiff also states that his rights were violated by "[p]roviding the Parole Board with a different outlook of me by providing them with access to a write-up of violence against a correctional officer when they fully know that I was not found guilty at any facility's hearing . . . ."  He maintains that this was "false information provided because nothing went through the proper channels."

Plaintiff also claims that his rights were violated by "DOC failing to go by their own rules for proceedings against a inmate and allowing a County Jail to provide false information without a proper investigation."  He further states, "With these statements made it should be made aware that I the defendant didn't even lose any goodtime for such a write-up because the jail fully knew that they didn't give me a hearing and nor did they press outside charges."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of "my classification level drop to Level 1, Release on Parole, Going to facility of

choosing." He also seeks an "extensive investigation on the treatment of inmates in the Fayette County Detention Center."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

3

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

The Court construes Plaintiff's claims as alleging that he received a disciplinary action which violated the Due Process Clause and resulted in him improperly receiving a higher prison classification status.  To state a Fourteenth Amendment due-process claim, an inmate must allege a deprivation of a liberty interest protected by the Due Process Clause.  However, the law is clear that inmates have no constitutional right to be incarcerated in any particular institution, a particular part of an institution, or a particular security classification, unless the state has created a liberty interest in remaining at a particular institution.  *See Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Meachum v. Fano*, 427 U.S. 215, 223-229 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986).  This is not the case in Kentucky where classification, segregation, and transfer of prisoners are within the discretion of the corrections department.  Ky. Rev. Stat. § 197.065.  Moreover, while Plaintiff maintains that the DOC failed to follow its own procedures with respect to the disciplinary action, the failure of

prison officials to follow institutional procedures or policies does not give rise to a due-process claim. *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004) ("[S]tate law, by itself, cannot be the basis for a federal constitutional violation."); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (rejecting inmate's argument that prison failed to follow Michigan prison regulations in putting him in segregation).

Even if the Court concluded that Plaintiff demonstrated a liberty interest entitled to due-process protection, however, there is still a barrier to his due-process claim. A state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on his claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). If a ruling on a claim would necessarily render the duration of Plaintiff's confinement invalid, the claim must be dismissed because it is simply not cognizable until the challenged confinement has been remedied by some other process. *Id.* at 487.

In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended the application of *Heck* to prison disciplinary proceedings. If the inmate's allegations would "necessarily imply the invalidity of the punishment imposed" the claim is not cognizable in a civil action under § 1983. *Id.* at 648. Furthermore, in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court reemphasized that "a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82.

5

In the instant action, Plaintiff alleges that the disciplinary action against him violated his rights and requests the Court to determine that it was invalid.  Nothing in the complaint indicates that Plaintiff's disciplinary conviction was reversed or otherwise invalidated.  In fact, he states that he appealed the conviction and Defendant Miller concurred in the decision.  Success on Plaintiff's claims concerning the disciplinary conviction would necessarily imply the invalidity of his confinement and therefore cannot be brought under § 1983.

Accordingly, Plaintiff's due-process claims against all Defendants will be dismissed for failure to state a claim upon which relief may be granted.

To the extent that Plaintiff alleges that he was "punished with cruel intentions," he may also be alleging a violation of the Eighth Amendment's Cruel and Unusual Punishments Clause. "A viable Eighth Amendment claim must satisfy both an objective component and a subjective component." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  The objective component requires that the deprivation be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  An inmate must show that he was deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer*, 511 U.S. at 832 (citations omitted).  The subjective component requires the defendant to act with "deliberate indifference" to a prisoner's health or safety. *Wilson*, 501 U.S. at 302-03.

"Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987).  "[H]arsh 'conditions of confinement' may constitute cruel

6

and unusual punishment unless such conditions 'are part of the penalty that criminal offenders pay for their offenses against society.'"  *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (quoting *Rhodes*, 452 U.S. at 347).  The alleged conduct must reflect an "unnecessary and wanton infliction of pain" to fall within the ambit of conduct proscribed by the Eighth Amendment. *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).

"'Because placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment Claim.'"  *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008) (quoting *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003)); *Merchant v. Hawk-Sawyer*, 37 F. App'x 143, 145 (6th Cir. 2002) ("Merchant presented no evidence that he was denied basic human needs or was otherwise subjected to cruel and unusual punishment by virtue of the conditions in administrative detention or disciplinary segregation.").  Plaintiff does not allege that he was denied basic human needs as a result of his classification status.  Therefore, Plaintiff's allegations fail to state an Eighth Amendment claim, and his Eighth Amendment claims will be dismissed against all Defendants.

For the above reasons, the Court will dismiss the action by separate Order.

Date:   February 22, 2016

**David J. Hale, Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendants
4415.010

7